UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6755-R (KK) | | Date | May 5, 2015 |
|---|---|---|---|---|
| Title | Durell D. Clark v. Carolyn W. Colvin | | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute and Comply With Court Orders**

# I.
# PROCEDURAL HISTORY

On August 28, 2014, Plaintiff Durell D. Clark, proceeding *pro se*, lodged a complaint challenging the denial of his applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income by the Commissioner of the Social Security Administration. ECF No. 1.

On September 2, 2014, the Court issued a Case Management Order ("CMO") instructing Plaintiff to "promptly serve the summons and complaint on the Commissioner," and to "electronically file a proof of service" within 28 days of the filing of the complaint. ECF No. 2 at 1-2. The CMO warned Plaintiff that failure to follow those instructions "may result in dismissal of this case." Id. at 2.

On September 8, 2014, Plaintiff's complaint was filed by the Court, and Plaintiff was granted leave to proceed *in forma pauperis*. ECF Nos. 3, 4. As of this date, Plaintiff still has not filed a proof of service, per the Court's CMO. Indeed, since September 8, 2014, there has been no activity in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6755-R (KK) | Date | May 5, 2015 |
|---|---|---|---|
| Title | Durell D. Clark v. Carolyn W. Colvin | | |

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for failure to prosecute or failure to comply with any court order.  <u>See</u> Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to file a proof of service of the complaint, and thus failed to comply with the Court's CMO.  Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order.  However, before dismissing this action, the Court will afford Plaintiff an opportunity to explain his failure to file a proof of service as directed by the CMO.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders. Plaintiff shall have up to and including **May 20, 2015,** to respond to this Order.  Plaintiff is cautioned that failure to timely file a response to this Order will be deemed by the Court consent to the dismissal of this action with prejudice.